IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| **ROBERT CUNDIFF,**<br><br>          **Plaintiff,**<br>v.<br><br>**AETNA and AETNA LIFE INSURANCE COMPANY,**<br><br>          **Defendants.** | Civil Action No.   3:19-CV-687-DJH   |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446, Defendant Aetna Life Insurance Company ("Aetna" or "Defendant")[1] hereby files this Notice of Removal of this case from the Circuit Court of Jefferson County, Kentucky, Case No. 19-CI-05284, where it is currently pending, to the United States District Court for the Western District of Kentucky.  As discussed below, removal of this action is proper pursuant to this Court's federal question subject-matter jurisdiction under 28 U.S.C. § 1331 and § 1441, because Plaintiff's claim against Defendant invokes the Court's federal-

---

[1] "Aetna" is a trade name under which Aetna Life Insurance Company operates and, based on the allegations of the Complaint, does not appear to be intended as a separate party defendant.  *See* Exhibit A at 3 (¶ 2) (naming only Aetna Life Insurance Company as a defendant and providing "Aetna" as one of its "hereinafter" labels).  To the extent it is necessary for the separately named defendant "Aetna" to join in the removal, it should be considered included throughout this removal petition with Aetna Life Insurance Company under the names "Aetna" and "Defendant."

question jurisdiction under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*.  Defendant respectfully shows the Court as follows:

1. Plaintiff Robert Cundiff instituted a civil action against Defendants in the Circuit Court of Jefferson County, Kentucky, on August 28, 2019.  A true and correct copy of the Complaint and Summons, which are the only documents received by Aetna in the Circuit Court action, are attached hereto as Exhibit A.

2. This Notice of Removal is filed, pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b), within thirty (30) days after the filing of the Complaint and, therefore, receipt by Defendants of the initial pleading on which the aforesaid action is based.

3. This action could have been originally filed in this Court pursuant to 28 U.S.C. § 1331, in that Plaintiff's claim invokes this Court's federal-question jurisdiction under ERISA.

4. The United States District Court for the Western District of Kentucky is the federal judicial district embracing the Circuit Court of Jefferson County, Kentucky, where this suit was originally filed.  Venue is therefore proper under 28 U.S.C. §§ 97(b) and 1441(a).

**FEDERAL QUESTION JURISDICTION**

5. Under 28 U.S.C. § 1331, this Court has "original jurisdiction of all

civil actions arising under the Constitution, laws, or treaties of the United States." Further, the ERISA jurisdiction provision provides for concurrent jurisdiction to the state and federal courts over participant's claims under 29 U.S.C. § 1332(a)(1)(B) and exclusive jurisdiction to the federal courts over all other ERISA claims by participants. *See* 29 U.S.C. § 1332(e)(1). When filed in state court, such actions may be removed to federal court. *See* 28 U.S.C. § 1441(a).

6. In his Complaint, Plaintiff alleges that he is covered under an ERISA-governed disability-insurance plan offered by his employer, The Home Depot, U.S.A., Inc., and insured by Aetna. *See* Exhibit A at 3-4 (¶¶ 4-7), 5 (¶ 16). Based upon an alleged termination of his benefits, Plaintiff asserts a single count for violations of ERISA. *See id.* at 4 (¶¶ 8-9), 5 (¶¶ 20-22). Plaintiff seeks "disability benefits due to him, calculated from the date benefits were ceased until the present, with interest to the extent permitted by law," "an Order compelling Defendant to continue all disability benefits from the present forward in time until such time as the terms of Defendant's contract of insurance permits a reinvestigation of Plaintiff's continued medical eligibility under the Plan," "attorney's fees and expenses that Plaintiff has incurred for enforcing his contractual rights as well as his ERISA rights," "any and all equitable relief Plaintiff is entitled to under common law contract theory, tort, or under ERISA, including Defendants' assistance in remedying any damage their termination of benefits has caused

respecting Plaintiff's credit history," costs, and "any and all relief to which Plaintiff may be entitled under any legal claim, whether it be pursuant to a contract claim, state based statutory claims, federal ERISA based claims, or other claims that may arise once discovery is complete."  Exhibit A at 5-6 ("Wherefore" paragraph).

7.   Because Plaintiff asserts a single federal cause of action under ERISA, *see* Exhibit A at 5 (¶¶ 20-22), and even alleges the state court's jurisdiction under 29 U.S.C. § 1132(e), *see* Exhibit A at 3 (¶ 4), this Court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) and (f).  Accordingly, this cause of action, which could have originally been filed in this Court, is subject to removal under 28 U.S.C. § 1441(a) as an action arising under federal law.

## MISCELLANEOUS

8.   A copy of this Notice of Removal is being filed with the Circuit Court of Jefferson County, Kentucky, as provided by law, and written notice is being sent to Plaintiff's Counsel.

9.   Along with this Notice of Removal, Defendant will tender to the Clerk of this Court the funds necessary to secure removal.

10. This Notice of Removal is filed within thirty (30) days after receipt by Defendants of the initial pleading on which the aforesaid action is based pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b).

11. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

12. The allegations of this Notice are true and correct and within the jurisdiction of the United States District Court for the Western District of Kentucky.

13. If any question arises as to the propriety of this removal, Defendant respectfully requests the opportunity to present a brief and argument in support of their position.

**WHEREFORE, PREMISES CONSIDERED,** Defendant Aetna Life Insurance Company, by and through its undersigned counsel, prays that the above action currently pending against it in the Circuit Court of Jefferson County, Kentucky, be removed to this Court.

Respectfully submitted this 25th day of September, 2019.

> /s/ William B. Wahlheim, Jr.
> William B. Wahlheim, Jr.
> MAYNARD, COOPER & GALE, P.C.
> 2400 Regions/Harbert Plaza
> 1901 Sixth Avenue North
> Birmingham, Alabama 35203
> (205) 254-1000
> wwahlheim@maynardcooper.com
> *Attorney for Aetna Life Insurance Company*

[application for admission *pro hac vice* to be filed]

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Removal has been served upon the following counsel of record to this proceeding by placing a copy of same in the United States Mail, properly addressed and first-class postage prepaid this 25th day of September, 2019:

Robert A. Florio
1500 Story Ave.
Louisville, KY 40206
Counsel for Plaintiff

>                                  */s/ William B. Wahlheim, Jr.*
>                                  OF COUNSEL