# Exhibit A

## State-Court Documents

| AOC-105 Doc. Code: CI<br>Rev. 1-07<br>Page 1 of 1<br>Commonwealth of Kentucky<br>Court of Justice www.courts.ky.gov<br>CR 4.02; CR Official Form 1 | CIVIL SUMMONS | Case No. 19 CI 05284<br>Court ☑ Circuit ☐ District<br>County Jefferson |
|---|---|---|

PLAINTIFF

ROBERT CUNDIFF

JEFFERSON CIRCUIT COURT
DIVISION TWO (2)

VS.

DEFENDANT

AETNA GROUP INS. aka. LIFE INS. CO.
PO BOX 14578
LEXINGTON KY 40512-4578

**Service of Process Agent for Defendant:**
ANY OFFICER OR AGENT

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: AUG 28 2019, 2______

DAVID L. NICHOLSON, CLERK
______________ Clerk

By: ______________ D.C.

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

______________________________

this _____ day of ______________, 2______.

Served by: ______________________________

______________________________ Title

NO. **19CI05284**

JEFFERSON CIRCUIT COURT
DIVISION ________

ROBERT CUNDIFF ) PLAINTIFF

v.

**COMPLAINT**

JEFFERSON CIRCUIT COURT
DIVISION TWO (2)

AETNA
151 Farmington Ave.
Hartford CT 06156
Serve:
Secretary of State

AETNA LIFE INSURANCE COMPANY ) DEFENDANT
PO BOX 14578
LEXINGTON KY 40512

SERVE:
ANY OFFICER OR AGENT

*** *** ***

Comes the Plaintiff, ROBERT CUNDIFF, by counsel, and for his cause of action against Defendant states as follows:

**PARTIES AND VENUE**

1. Plaintiff is a resident of Louisville, Jefferson County, Kentucky.
2. Defendant, Aetna Life Insurance Company (hereinafter "carrier" or "Defendant" or "Aetna") is a corporation doing business in the Commonwealth of Kentucky.
3. This is an action brought by a participant to recover short and long term disability benefits ("STD" and "LTD" respectively) due to his under the terms of an insurance plan governed by §502(e) of the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1132(e), which is more specifically, a contract for disability insurance benefits.
4. This Court has jurisdiction pursuant to §502(e) of the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1132(e).

00121000001

**FACTS**

5. Plaintiff was a full-time employee of employer ("employer") for a sufficient time period so as to be eligible for coverage under the terms of an insurance contract Claim # 16017779.
6. As a full time employee, Plaintiff was eligible for, and was participating in the long-term disability plan ("LTD" and "plan") offered by employer.
7. At all times relevant to this Complaint, the Plan was administered by Aetna and at all relevant times Aetna remained the so called "plan administrator".
8. By virtue of Plaintiff's medical impairments, and according to medical personnel, it is apparent that Plaintiff is permanently and totally disabled.
9. Based on the foregoing diagnosis's, Plaintiff applied for and was approved for Short Term Disability benefits ("STD") by Aetna. he then applied for LTD. Aetna denied further coverage under the LTD review. Plaintiff appealed the LTD decision and was again denied. Said action on part of Plaintiff exhausts administrative remedies under the plan.
10. Aetna's in house medical review performed by the Defendant's "hired medical reviewer(s)", practitioner(s) of unknown qualifications, erroneously concluded that the Plaintiff was able to perform an occupation. The Defendant Aetna fails to offer a rational basis as to why it does not concur with a diagnosis of disability consistent with Plaintiff's treating physicians.
11. Aetna 's in-house reviewing staff erroneously concluded that the Plaintiff was capable of returning to work and to work full time, as he did before the onset of his disability. Aetna refused to consider all of the Plaintiff's medical ailments and combined effect on his to terminate benefits. Said action is in violation of Sixth Circuit jurisprudence.
12. Aetna's refusal to consider Plaintiff's combination of medical impairments, and the effect each has on the other, is error. The Claimant is entitled to have the combination of all impairments considered under the Plan. The Defendant so callously ignored substantive medical proof that it cannot now enjoy the, so-called, arbitrary and capricious standard of review despite plan language to the contrary, and the medical history should be reviewed *de novo*.
13. Aetna is legally unable to cancel Plaintiff's benefits based on even its own medical and vocational findings.
14. Any physician who has personally treated the Plaintiff has never questioned the permanency and totality of Plaintiff's disability.
15. Defendant Aetna's conclusions that Plaintiff is not totally disabled was arbitrary and capricious, based on faulty data, flies in the face of the longitudinal medical evidence from the treating

sources, and was executed in violation of relevant provisions of the plan.

16. At all relevant times Aetna was acting under a conflict of interest as it was the entity which determined if the Plaintiff was disabled and the entity which is responsible for payment of LTD wage replacement benefits. Accordingly, the Plaintiff is entitled to discovery over and above that which is customarily permitted in cases litigated under the ERISA statute.
17. In accordance with the terms of the plan, the Plaintiff did apply for Social Security Disability benefits ("SSDI") from the Social Security Administration ("SSA").
18. If Defendant ignores the finding of SSA without adequate explanation, even though it is outside the administrative record, in its decision and thusly in violation of sixth circuit jurisprudence. Whitaker v. Hartford Life and Accident Co. 404 F.3d 947 (6th Cir. 2005).
19. Due to Defendant's actions Plaintiff is entitled to discovery exceeding standard ERISA protocol.

COUNT 1

DENIAL IS IN VIOLATION OF ERISA STATUTE

20. Pursuant to the ERISA statute Plaintiff is entitled to long-term disability benefits under the Plan.
21. Defendant has wrongfully denied Plaintiff LTD benefits and has breached the terms of the Plan under the dictates of the ERISA statute.
22. Defendant's decision to deny Plaintiffs benefits and their claim handling have been arbitrary and capricious and is not supported by substantial evidence, and is tantamount to a breach of contract, violating Plaintiff's expectations pursuant to the terms of the contract of insurance.

WHEREFORE the Plaintiff prays as follows:

1. For payment of disability benefits due to him, calculated from the date benefits were ceased until the present, with interest to the extent permitted by law;
2. For an Order compelling Defendant to continue all disability benefits from the present forward in time until such time as the terms of Defendant's contract of insurance permits a reinvestigation of Plaintiff's continued medical eligibility under the Plan;
3. For attorney's fees and expenses that Plaintiff has incurred for enforcing his contractual rights as well as his ERISA rights;
4. For any and all equitable relief Plaintiff is entitled to under common law contract theory, tort, or under ERISA, including Defendants' assistance in remedying any damage their termination of benefits has caused respecting Plaintiff's credit history;

5. For his costs expended herein;
6. For any and all relief to which Plaintiff may be entitled under any legal claim, whether it be pursuant to a contract claim, state based statutory claims, federal ERISA based claims, or other claims that may arise once discovery is complete.

Respectfully submitted,

ROBERT A. FLORIO
1500 Story Ave
Louisville, KY 40206
Co-Counsel for Plaintiff
502-587-0228

robertfloriolaw@outlook.com